**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
CHRIS LASHAMBAE, individually              :
and on behalf of                                         :
all others similarly situated,                       :          Case No.:
                                                                     :
                      Plaintiff,            :
v.                                                                  :
                                                                     :          **CLASS ACTION COMPLAINT**
                                                                     :          *JURY TRIAL DEMANDED*
CAPITAL ONE BANK, N.A.,                       :
                                                                     :
                      Defendant.           :
                                                                     :
---------------------------------------------------------X

       Plaintiff Chris Lashambae ("Plaintiff"), on behalf of himself and all others similarly situated, sues Defendant CAPITAL ONE BANK, N.A. ("Capital One"), and alleges:

## INTRODUCTION

       1)     In its Rules Governing Deposit Accounts (hereinafter "Deposit Agreement"), attached hereto as Exhibit A, Capital One promises its customers who do not opt into Capital One's Overdraft Service that it will not charge them fees for non-recurring, every day debit card transactions. But Capital One does charge overdraft fees for one-time debit card transactions. Specifically, Capital One charges overdraft fees for purchases of rides from Lyft, Uber and other one-time transactions that it knows or should know are not recurring.

       2)     Capital One charged Plaintiff a $35.00 overdraft fee on numerous occasions when he used his debit card to pay for a one-time Lyft ride transaction even though such fees are only authorized by his contract for recurring debit card transactions. Accordingly, Plaintiff seeks to recoup the fees he paid and to represent all individuals in the United States who were charged similar overdraft fees on one-time debit card transactions in violation of their Deposit Agreements.

1

3)   Plaintiff asserts this action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated, for damages and other relief arising from Capital One's routine practice of charging standard overdraft fees on one-time debit card transactions, in violation of its contract with accountholders.

## PARTIES

4)   Plaintiff is a citizen and resident of the State of New York and has had a checking account with Capital One in New York at all times material hereto.

5)   Capital One Bank, N.A. is engaged in the business of providing retail banking services to consumers, including Plaintiff and members of the putative classes, which includes the issuance of debit cards for use by its customers in conjunction with their checking accounts. Capital One Bank, N.A. operates banking centers, and thus conducts business, throughout the State of New York and the United States.  Its headquarters is in Virginia.

## JURISDICTION

6)   This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the members of the putative Class exceed $5 million, exclusive of costs, and at least one of the members of the proposed Class is a citizen of a different state than Capital One.

7)   Capital One regularly and systematically provides retail banking services throughout the State of New York, including in this district, and provides retail banking services to its customers, including members of the putative Class.  As such, it is subject to the jurisdiction of this Court.

## VENUE

8) Venue is likewise proper in this district pursuant to 28 U.S.C. § 1391 because Capital One is subject to personal jurisdiction in this Court and regularly conducts business within this district through its numerous branches, and because the complained-of conduct occurred in this District.

## OVERVIEW

9) Debit card transactions can be either "one-time" or "recurring." One-time transactions are unique transactions not scheduled to regularly re-occur. Recurring transactions, on the other hand, are scheduled to regularly re-occur. Recurring transactions are often automatically charged on a prearranged schedule. Examples of recurring transactions include gym memberships, cable bills, cell phone bills, utility bills, monthly magazine subscriptions, streaming content service memberships like Netflix, and insurance premiums.

10) Lyft and Uber are well known ride sharing services that are used across the country. There is no mystery about what their business is: one-time ride shares. Lyft and Uber are not subscription services wherein customers pay a monthly fee. Such transactions do not occur automatically, do not occur on a prearranged schedule, are not for a set amount, and only occur on a per ride basis.

11) Even though Capital One knows or should know that Lyft and Uber customers pay per ride, and do not pay recurring pre-arranged fees, it repeatedly charges overdraft fees for these on one-time transactions.

12) Capital One's checking account contract documents state the bank will not charge overdraft fees on one-time debit card transactions:

> **Overdrafts.** We may in our sole discretion, and without obligation, elect to pay checks and other items drawn on your deposit account or to permit automatic bill payments and withdrawals against your account for an amount in excess of your

>available balance (an "Overdraft"). **Generally, we will not authorize and pay overdrafts for ATM transactions and everyday debit card transactions, unless you have authorized us to do so**. *You have no right to overdraw your account at any time, for any reason, and our decision to pay Overdraft items is solely within our discretion. You understand and agree that if we elect to pay Overdraft items or to permit an Overdraft to exist in your account, you have no right to defer payment, and you must deposit additional funds into your account promptly in an amount sufficient to cover the Overdraft and to pay us Overdraft fees for each Overdraft item in accordance with our current Schedule of Fees and Charges. We will not assess more than four (4) fees per day for overdrawing your account*. We also will not charge an overdraft fee if your account is overdrawn $5.00 or less at the end of each business day*. If your account is overdrawn by more than $5, a fee will be charged on each overdraft transaction, regardless of the amount. You acknowledge and agree that no oral or other statement made to you by any of our officers or employees, or any course of dealing under which we may, from time to time, or one or more times, elect to pay and honor Overdrafts on your account, may be construed by you, or by any third person, or by any court or arbitrator, to in any way modify, amend, or contravene the foregoing provisions, or to in any way obligate us to pay and honor future Overdraft items or permit you to defer payment of existing and future Overdraft balances. You can avoid Overdrafts on your account by always making sure that you have sufficient available funds in your account to cover all of the debits presented for payment against your account.

Ex. A (bolded emphasis added).

13) The Overdraft Service Opt-in Form states:

<u>What is the Overdraft Service that comes with my account?</u>

We <u>do</u> authorize and pay overdrafts for the following types of transactions:

- Checks and other transactions made using your checking account number
- Automatic bill payments

We <u>do not</u> authorize and pay overdrafts for the following types of transactions unless you ask us to (see below):

- ATM transactions
- Everyday debit card transactions

We pay overdrafts at our discretion, which means we do not guarantee that we will always authorize and pay any type of transaction.

If we do not authorize and pay an overdraft, your transaction will be declined.

Ex. B.

14) Even though it promises customers who did not opt into the Overdraft Service that it will not charge them overdraft fees for non-recurring, everyday transactions, Capital One,

4

as a matter of bank policy, does charge these accountholders overdraft fees for Lyft and Uber rides which are one-time debit card transactions. Capital One knows or should know that people transacting for a one-time ride are making a one-time purchase.

## NAMED PLAINTIFF FACTS

15) Plaintiff became a Capital One customer and contracted with Capital One as embodied in the Deposit Agreement. Plaintiff's Deposit Agreement contains a promise that Capital One will not assess overdraft fees on any one-time debit card transactions.

16) In or around April, May and June 2017, Plaintiff made one-time payments for Lyft rides.

17) Plaintiff never opted in to Capital One's Overdraft Service and never consented to being charged overdraft fees for one-time transactions for Lyft rides.

18) In April, May and June 2017, Capital One charged Plaintiff numerous $35.00 overdraft fees for those one-time transactions.

## CLASS ACTION ALLEGATIONS

19) Plaintiff brings this action on his own behalf and all others similarly situated pursuant to Fed. R. Civ. P. 23. The Classes include:

> All holders of a CAPITAL ONE checking and/or money market account who, within the applicable statute of limitation preceding the filing of this lawsuit, incurred one or more Overdraft Fees on one-time debit card transactions while not opted in to Capital One's Overdraft Service.
>
> (The "National Overdraft Fee Class")
>
> All holders of a CAPITAL ONE checking and/or money market account in New York who, within the applicable statute of limitation preceding the filing of this lawsuit, incurred one or more Overdraft Fees on one-time debit card transactions while not opted in to Capital One's Overdraft Service.
>
> (The "New York Overdraft Fee Class")

20) Excluded from the Classes are Capital One, its subsidiaries and affiliates, their officers, directors and member of their immediate families and any entity in which Capital One

have a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

21) Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or to add Subclasses if necessary before this Court determines whether certification is appropriate.

22) This case is properly brought as a class action under Fed. R. Civ. P. 23(a) and (b)(3), and all requirements therein are met for the reasons set forth in the following paragraphs.

23) *Numerosity under Fed. R. Civ. P. 23(a)(1)*. The members of the Classes are so numerous that separate joinder of each member is impracticable. Upon information and belief, and subject to class discovery, the Classes consist of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Capital One's records. Capital One has the administrative capability through its computer systems and other records to identify all members of the Classes, and such specific information is not otherwise available to plaintiff.

24) *Commonality under Fed. R. Civ. P. 23(a)(2)*. There are numerous questions of law and fact common to the Classes relating to Capital One's usurious business practice at issue herein and those common questions predominate over any questions affecting only individual Class members. The common questions include, but are not limited to:

   a) Whether Capital One improperly charges overdraft fees on one-time debit card transactions; and

   b) Whether Plaintiff and other members of the Class have sustained damages as a result of Capital One's wrongful business practices described herein, and the proper measure of damages.

25) *Typicality under Fed. R. Civ. P. 23(a)(3)*. Plaintiff's claims are typical of the claims of the other Class members in that they arise out of the same wrongful business practice by Capital One, as described herein.

26) *Adequacy of Representation under Fed. R. Civ. P. 23(a)(4)*. Plaintiff is more than an adequate representative of the Classes in that he has a Capital One checking account and has suffered damages as a result of Capital One's usurious and improper business practices. In addition:

a) Plaintiff is committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers against financial institutions;

b) There is no conflict of interest between Plaintiff and the unnamed Class members;

c) They anticipate no difficulty in the management of this litigation as a class action; and

d) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

27) *Predominance under Fed. R. Civ. P. 23(b)(3)*. The questions of law and fact common to the Classes, as set forth in the "commonality" allegation, above predominate over any individual issues. As such, the "commonality" allegations (paragraph 24 and subparts) are restated and incorporated herein by reference.

28) *Superiority under Fed. R. Civ. P. 23(b)(3)*. A class action is superior to other available methods and highly desirable for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is very small relative to the complexity of the litigation and since the financial resources of Capital One are enormous, no

Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer losses and Capital One's misconduct will proceed without remedy. In addition, even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

29) All conditions precedent to bringing this action have been satisfied and/or waived.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

**(On behalf of the National Overdraft Fee Class)**

30) Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

31) Plaintiff and Capital One contracted for checking account and debit card services, as embodied in the Deposit Agreement.

32) The Deposit Agreement states that Capital One will not assess overdraft fees on any one-time debit card transactions.

33) Capital One breached the contract when it charged overdraft fees on one-time debit card transactions because Plaintiff and members of the National Overdraft Fee Class did not opt-in to Capital One's overdraft service as to one-time debit card transactions.

34) Plaintiff and members of the putative Class have performed all of the obligations on them pursuant to the Deposit Agreement.

35) Plaintiff and members of the putative National Overdraft Fee Class have sustained monetary damages as a result of Capital One's breach.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE GBL 349

**(On behalf of the New York Overdraft Fee Class)**

36) Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

37) This claim is asserted on behalf of the members of the New York Overdraft Fee Class under New York's consumer protection law, New York General Business Law§ 349, *et seq.* ("GBL § 349").

38) Capital One engaged in deceptive acts or practices relating to the imposition of overdraft fees on consumers who did not opt-in to Capital One's overdraft service as to one-time debit card transactions, in violation of GBL § 349, N.Y. Gen. Bus. Law § 349(a).

39) GBL § 349 prohibits "[ d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." *Id.*

40) Capital One engaged in deceptive acts or practices, unlawful conduct, made affirmative misrepresentations, or otherwise violated GBL § 349 by, *inter alia,* knowingly and intentionally employing an unfair and deceptive policy and practice of charging overdraft fees on on-time debit card transactions, and misrepresenting and failing to disclose its policy and practice of charging overdraft fees on one-time transactions in its Deposit Agreement.

41) Capital One also engaged in unlawful conduct, made affirmative misrepresentations, or otherwise violated GBL § 349 by, *inter alia,* abusing its discretion to interpret undefined terms in a manner harmful to consumers and beneficial to Capital One.

42) Capital One's deceptive acts or practices were "consumer-oriented." *E.g., Wilson v. Northwestern Mut. Ins. Co.,* 625 F.3d 54, 64 (2d Cir. 2010) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, NA.,* 85 N.Y.2d 20, 623 N.Y.S.2d 529, 532-33, 647 N.E.2d 741 (1995)).

43) Capital One intended that Plaintiff and the members of the New York Overdraft Fee Class rely on the acts of concealment and omissions, so that Plaintiff and the members of the New York Sub-Class would continue to incur overdraft fees on one-time debit card transactions.

44) Capital One's conduct caused Plaintiff and the members of the New York Overdraft Fee Class to suffer ascertainable losses in the form of excessive overdraft fees that, but for Capital One's unfair and deceptive policy of charging overdraft fees on one-time transactions in violation of its promises contained in the Deposit Agreement, would not otherwise have been imposed.

45) A causal relationship exists between Capital One's unlawful conduct and the ascertainable losses suffered by Plaintiff and the members of the New York Overdraft Fee Class. Had Capital One kept the promises contained in its Deposit Agreement and refrained from charging overdraft fees on one-time debit card transactions, Plaintiff and the members of the New York one-time debit card transactions would not have incurred excessive overdraft fees in violation of GBL § 349.

46) As redress for Capital One's repeated and ongoing violations of GBL § 349, Plaintiff and the New York Sub-Class are entitled to, *inter alia,* actual damages, treble damages, declaratory relief, and reasonable attorney's fees. N.Y. Gen. Bus. Law. § 349(h).

10

WHEREFORE, Plaintiff demands judgment against Capital One for himself and the members of the Classes as follows:

    (a)    Certifying this matter as a class action pursuant to Fed. R. Civ. P. 23;

    (b)    Designating Plaintiff as an appropriate Class representative;

    (c)    Awarding Plaintiff and the Class damages, prejudgment interest from the date of loss, and their costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs; and

    (d)    Granting such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

Dated: November 3, 2017

Respectfully submitted,

**REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
Email: *mreese@reesellp.com*

JEFFREY KALIEL (pro hac vice to be filed)
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW, Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
*jkaliel@tzlegal.com*

Jeff Ostrow (pro hac vice to be filed)
Jonathan M. Streisfeld (pro hac vice to be filed)
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
1 W Las Olas Blvd, Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
Fax: 954-525-4300
ostrow@kolawyers.com
streisfeld@kolawyers.com

*Counsel for Plaintiff*
*and the Proposed Classes*