

**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
483 Ninth Street | Suite 200
Oakland, CA 94607
510.254.6808

**VIA ECF**

March 21, 2018

Our File No. 419-05

The Honorable Judge Frederic Block
United States District Court for the Eastern District of New York
Brooklyn Courthouse
Courtroom 10CS
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Lashambae v. Capital One, N.A.* Case No. 17-cv-06406

Dear Judge Block:

Pursuant to the Court's Individual Motion Practice and Rules, Plaintiff Chris Lashambae responds to Defendant Capital One, N.A.'s ("Capital One") request for a pre-motion conference regarding its intended motion to dismiss.

Lashambae alleges Capital One breached its contract with its customers like Plaintiff who did not opt into its Overdraft Service. In that regard, Capital One expressly promises it will not charge those customers overdraft fees for non-recurring debit card transactions. Despite its promise, Capital One does charge overdraft fees for one-time debit card transactions. Specifically, Capital One charges overdraft fees for purchases of rides from Lyft and Uber, even though Lyft and Uber customers pay a one-time fee per ride. By charging such fees after telling its customers that it does not do so, Capital One also violates New York General Business Law § 349, *et seq.* ("GBL § 349"). None of the arguments raised by Capital One in its letter are grounds for dismissal of Plaintiff's claims.

1.  **Lashambae's Claims Are Not Governed by any "Safe Harbor"**

Capital One's argument regarding the "safe harbor" misses the boat. Quite simply, the safe harbor relates to the Electronic Funds Transfer Act ("EFTA"). But this case is not governed by the EFTA. Capital One tries to bootstrap an EFTA provision by falsely asserting that there is a contractual choice of law provision that requires application of federal law. In fact, the contract provides that it is governed by "applicable federal or state laws, statutes and regulations." (Doc. 1, Ex. A, at 1). Here, Lashambae alleges a breach of contract claim and a claim for violation of New York consumer protection law and does not allege a violation of the EFTA. Capital One's contractual promises are separate and apart from any liability that might exist under the EFTA. Thus, the safe harbor merely provides that Capital One is not violating the EFTA by relying on the third-party's merchant's coding. This does not excuse Capital One's breach of the contract, which does not contain any safe harbor language. Simply put, the safe harbor has nothing to do with the claims in this case.



March 21, 2018
Page 2 of 3

Even if the safe harbor did apply, Capital One's purported compliance is a factual question that cannot be resolved on a motion to dismiss. While Regulation E provides that a "financial institution *may* rely on the transaction's coding by merchants" it certainly does not establish that a financial institution like Capital One is *entitled* to rely on a merchant's coding without conditions. 12 C.F.R. Part 205, Supp. I, ¶ 17(b), cmt. (1)(ii) (emphasis added). To the contrary, Capital One is only permitted to rely on merchant coding to avoid verifying the code for individual transfers if it "maintain(s) reasonable procedures to ensure the integrity of the data obtained from another institution." 12 C.F.R. Part 1005, Supp. I, ¶ 9(b)(1), cmt. (1). Of course, Lashambae did not allege that Capital One maintained reasonable procedures with respect to Lyft and Uber rides that Capital One authorized on a one-time, per-ride, basis. Nor would he, since he believes Capital One did not do so.[1] If Capital One wishes to avail itself of this safe harbor—and the Court finds that the safe harbor applies to a breach of contract cause of action—it will have to prove that Uber and Lyft improperly coded the transactions and that the bank had reasonable procedures in place to ensure the integrity of the data obtained. Those questions are not before the Court at this time.

### 2.     Capital One's Notification Provisions Are Inapplicable

Capital One next argues that Plaintiff failed to comply with notice provisions in the Agreement and in the EFTA. But the plain language of the Deposit Agreement makes clear that the notification provisions do not apply to overdraft fees. The notice provisions Capital One cites apply to *electronic transfers* between a customer's account and a third party—not to service charges imposed by Capital One. *See* Agreement, pp. 30, ¶ 9 ("In Case of Errors or Questions About Your Electronic Transfers"); *Id,* pp. 31-32, ¶ 14 ("Liability for Unauthorized Transfers on Consumer Accounts Only").[2] Overdrafts are treated separately under the Deposit Agreement. *See id.*, pp. 31-32, ¶ 5 ("Overdraft situations: An overdraft occurs when you do not have enough money in your designated account to cover a transaction, but we pay it anyway").[3] Thus, while the Agreement ensures that "Capital One is not responsible for any losses not reported" from transfers between a customer and a third party when it is not notified to investigate and correct the transaction, the Agreement does not require notice or an investigation period with respect to service charges Capital One imposes.  The EFTA's separate notice provision also relates only to unauthorized electronic transfers making it equally inapplicable here. Therefore, Plaintiff is permitted to sue for the wrongful assessment of overdraft fees without providing any notice.

### 3.     Plaintiff's GBL Claim Is Sufficiently Pled

While Lashambae does not dispute that N.Y. Gen. Bus. Law § 349(d) provides a complete defense where a claim is predicated upon an act that complies with federal statutory or regulatory law, as explained above, Capital One is not protected by the federal law it cites because Capital One may only rely on merchant coding where it adopts reasonable procedures.

---

[1] Plaintiff disputes Capital One's reliance on its self-created bank statements as proof of Lyft's improper coding and the basis for claiming "safe harbor" protection.
[2] The Agreement is attached as Exhibit A to the Class Action Complaint.
[3] Additionally, any ambiguity in the Agreement must be construed against the drafter—Capital One.



March 21, 2018
Page 3 of 3

      Lashambae's § 349 claim is pled in the alternative to his contract claim. It also is not merely a repackaging of a breach of contract claim. New York courts have held that a plaintiff can state a section 349 claim for assessment of overdraft fees when the practice is misleading. *Valle v. Popular Cmty. Bank*, 2017 NY Slip Op 03120, ¶ 1, 149 A.D.3d 633, 633, 50 N.Y.S.3d 868, 869 (App. Div.) (complaint stated a claim under § 349 "by alleging that defendant employed a deceptive and misleading consumer-oriented policy, not disclosed to plaintiff, of high-to-low reordering of ATM transactions that resulted in plaintiffs' being charged an additional overdraft fee"); *Levin v. HSBC Bank USA, N.A.*, 2012 NY Slip Op 33164(U), ¶ 32 (Sup. Ct.) (complaint sufficiently alleged that bank's high to low posting order disclosure was misleading to the reasonable consumer to state a claim under § 349). Contrary to *Costoso v. Bank of America, N.A.*, 74 F. Supp. 3d 558, 575 (E.D.N.Y. 2015), where the plaintiff essentially alleged that the bank failed to perform contractual duties, Lashambae alleges Capital One misrepresented or failed to disclose its practice of charging overdraft fees on one-time debit card transactions to those that did not opt in, and abused its discretion to interpret undefined terms in a manner harmful to consumers and beneficial to Capital One.

      Finally, the § 349 claim should not be dismissed because Lashambae did not affirmatively allege he read the Deposit Agreement or Electronic Fund Transfer Agreement. *Douyon v. NY Med. Health Care, P.C.*, 894 F. Supp. 2d 245, 264 (E.D.N.Y. 2012), is distinguishable. In that case, a plaintiff alleged emotional harm because the defendant sent a letter falsely claiming entitlement to interest on a debt. It was undisputed that the plaintiff never received the letter so the plaintiff could not allege proximate cause for emotional harm. Capital One erroneously attempts to use *Douyon* to create a reliance element, but the New York Court of Appeals has repeatedly held that "reliance is not an element of a section 349 claim." *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 896, 731 N.E.2d 608, 612 (2000). Lashambae sufficiently alleges he was harmed by the misleading and deceptive practice of assessing overdraft fees on non-recurring debit card transactions that should have been declined because he had not opted in to the Overdraft Service. He was impermissibly charged overdraft fees.

      Respectfully Submitted,

Hassan Zavareei

cc: All counsel of record