UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRIS LASHAMBAE, individually and on behalf of all others similarly situated,

                      Plaintiff,

- against -

CAPITAL ONE BANK, N.A.,

                      Defendant.

Case No. 1:17 Civ. 06406 (FB) (VMS)

---

### FINAL APPROVAL ORDER AND ORDER GRANTING APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND SERVICE AWARD[1]

WHEREAS, the Parties in the above-captioned class action ("Action") entered into a Settlement Agreement and Release dated March 15, 2019, see ECF No. [44-2] ; and

WHEREAS, Plaintiff Chris Lashambae moved the Court for an order preliminarily approving the Settlement Agreement, see ECF No. [44]; and

WHEREAS, having reviewed the proposed Settlement Agreement, having held oral argument, and having required the Parties to amend the Settlement Agreement, Notice of Settlement, and Class Notice, which they have done and submitted at ECF No. [49], on March 30, 2020, the Court entered a Preliminary Approval Order, inter alia: (i) preliminarily approving the Settlement and the Settlement Agreement, as amended; (ii) determining that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (iii) approving the Parties' proposed forms and manner of

---

[1] This Order incorporates the definitions in the Settlement Agreement, as amended, see ECF No. 62-2, and all terms used in this Order have the same meanings as set forth in the Settlement Agreement, as amended, unless otherwise defined herein.

1

notice, as amended, as providing the "best notice practicable" under Rule 23 of the Federal Rules of Civil Procedure; (iv) appointing Plaintiff Chris Lashambae as Class Representative; (v) appointing the law firms of Tycko & Zavareei, LLP; Kopelowitz Ostrow P.A.; and Reese LLP as Class Counsel; and (v) setting a hearing date to consider final approval of the Settlement, see ECF No. [57]; and

WHEREAS, Class Notice was provided to all persons identified in the Class Member List in accordance with the Court's Preliminary Approval Order by email to 4,968 individuals of the Settlement Class, by first class mail to 1,790 individuals of the Settlement Class, and by website to all persons in the Settlement Class; and

WHEREAS, a Notice of Settlement was mailed on March 25, 2019 to governmental entities as provided for in 28 U.S.C. § 1715; and

WHEREAS, no person or entity timely and validly filed a notice of intention to opt out of the Settlement or timely and validly filed objections to the Settlement, the Settlement Agreement, as amended, or the Class Notice; and

WHEREAS, Plaintiff Chris Lashambae has submitted to the Court the Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees and Reimbursement of Expenses and Service Award in this case, see ECF No. 62; and

WHEREAS, on October 1, 2020, at 11:00 a.m., at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Courtroom 13A South, Brooklyn, NY 11201, AT&T conference bridge 877-336-1829, access code 3581283, this Court held a telephonic hearing to determine whether the Settlement was fair, reasonable and adequate ("Final Approval Hearing"), and to consider the application of Class Counsel for attorneys' fees and reimbursement

of expenses and for a Service Award for the Class Representative; and

WHEREAS, no person or entity submitted any objection to the Settlement or appeared at the Final Approval Hearing to object to the Settlement; and

NOW, THEREFORE, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the moving papers, the record and proceedings held in this Action in connection with the Settlement and being otherwise fully advised,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.  See 28 U.S.C. §§ 1332(a), 1332(d). This Court has jurisdiction to grant final approval of the Settlement.  See Wellness Int'l Network Ltd. v. Sharif, 575 U.S. 665, 135 S. Ct. 1932, 1938-39 (2015) (reaffirming the exercise of consent jurisdiction by Article I judges); Graff v. United Collection Bureau, Inc., 132 F. Supp. 3d 470, 476-77 (E.D.N.Y. 2016) (rejecting class member's objection that magistrate judges lack authority to grant final approval of class settlement where the parties consented to jurisdiction).  The motion at ECF No. 62, as supplemented by the submission at ECF No. 65, is granted.

2.  The Court finds that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for purposes of the Settlement in that:  (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class members; (c) the claims of the Class Representative are typical of the claims of the Settlement Class members; (d) the Class Representative is an adequate Settlement representative for the Settlement Class, and has retained

experienced counsel to represent all Class members; (e) the questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Therefore, for Settlement purposes only, this Court grants certification of the Settlement Class.

3. The Court finds that the Settlement and the terms of the Settlement Agreement, as amended, see ECF No. [62-2], are fair, reasonable and adequate pursuant to Rule 23(e)(2), as amended, and the factors set forth in City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974). See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig., No. 05 MD 1720 (MKB) (JO), 2019 WL 6875472, at *13 (E.D.N.Y. Dec. 16, 2019) ("Under Rule 23(e), a court may grant final approval of a proposed settlement only after a hearing and only on finding that it is fair, reasonable, and adequate after considering the Rule 23(e)(2) factors.") (citation & internal quotation marks omitted) (alteration in original).

a. The Class Representative and Class Counsel have fairly and adequately represented, and will continue to adequately represent and protect, the interests of Settlement Class Members in connection with the Settlement.

b. The Settlement Agreement, as amended, was the product of arms' length negotiations by and between experienced counsel after a thorough investigation and analysis of the claims and defenses in this Action and informal discovery.

c. The Settlement provides adequate relief for the Class, taking into account:

i. The anticipated costs, risks and delay of trial and appeal, particularly during the Covid-19 pandemic;

      ii. The likely difficulty for Plaintiff and the Class to establish liability and damages and maintain class certification in light of Defendant's defenses, motion for summary judgment, and likely objection to any motion for class certification;

      iii. A Settlement Amount representing 50% of the Settlement Class Members' best probable recovery after trial, without further attendant litigation risks;

      iv. The proposed method of distributing relief to the Class by direct deposit and check is fair, reasonable and adequate;

      v. The positive reaction of the Settlement Class demonstrated by the fact that no Settlement Class members opted-out of or filed objections to the Settlement, the Settlement Agreement, as amended, or the Class Notice;

      vi. A sufficiently developed record that allowed counsel to investigate the facts and assess the merits, litigation risks, and benefits of settlement; and

      vii. The reasonable terms of the proposed Service Award and award of attorneys' fees.

    d. The Settlement treats Class Members equitably relative to each other by distributing the Settlement proceeds on a <u>pro rata</u> basis.

4.     The Class Notice, as amended, was reasonable and adequate because it "fairly apprised the prospective members of the [C]lass of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." <u>Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.</u>, 396 F.3d 96, 114 (2d Cir. 2005). The Class Notice, as amended, contained all of the necessary elements, including the class definition, the identifies of the named Parties and their counsel, a summary of the terms of the proposed Settlement, information regarding the manner in

which objections may be submitted, information regarding the opt-out procedures and deadlines, and the date and location of the Final Approval Hearing.[2] Notice was successfully delivered to approximately 98.7% of the Settlement Class and only 78 individual Settlement Class Members did not receive notice by email or first class mail. See, e.g., Godson v. Eltman, Eltman, & Cooper, P.C., 328 F.R.D. 35, 52 (W.D.N.Y. 2018) (granting final approval of class action settlement and finding that adequate notice was provided where 23 notices were returned as undeliverable in a class of 270 members); Schulte v. Fifth Third Bank, 805 F. Supp. 2d 560, 596 (N.D. Ill. 2011) (granting final approval of class action settlement, finding that adequate notice was provided, and holding that court had jurisdiction over absent class members where individual notice reached approximately 89.7% of potential settlement class members). Having reviewed the content of the Class Notice, as amended, and the manner in which the Class Notice was disseminated, this Court finds that the Class Notice, as amended, satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules. The Class Notice, as amended, provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and provided this Court with jurisdiction over the absent Settlement Class Members. See Fed. R. Civ. P. 23(c)(2)(B).

5. Because the Court approves the Settlement set forth in the Settlement Agreement, as amended, as fair, reasonable and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement Agreement, as amended.

6. All Parties to this Action, and all Settlement Class Members, are bound by the

---

[2] In light of the ongoing Covid-19 pandemic, the in-person hearing was converted to a telephonic conference by Order dated September 11, 2020. See Dkt. Re-Scheduling Order 9/11/2020. The rescheduling of the hearing was posted on the docket and Court calendar. Such notice was sufficient to satisfy due process concerns.

Settlement as set forth in the Settlement Agreement, as amended, and this Order.

7. The appointment of Chris Lashambae as Class Representative is affirmed for settlement purposes only.

8. The appointment of the law firms of Tycko & Zavareei, LLP; Kopelowitz Ostrow P.A.; and Reese LLP as Class Counsel is affirmed for settlement purposes only.

9. The Class Representative and each Settlement Class Member, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf ("Releasing Parties"), will be deemed to have completely released and forever discharged Capital One and each of its past and present parents, subsidiaries, affiliates, officers, directors, employees, attorneys, shareholders, agents, assigns, and third-party suppliers and vendors (collectively, the "Released Parties"), from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including without limitation those known or unknown, from the beginning of the world until today, that arises out of common law, state law, or federal law, whether by Constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated (collectively, "Claims") that: (a) arise from or relate to the conduct alleged in the Complaint; (b) arise out of, relate to, or are in connection with the assessment of Lyft Overdraft Fees in the Class period or (c) arise out of, relate to, or are in connection with the administration of the Settlement (the "Released Claims"). The Class Representative and all Settlement Class Members are hereby conclusively deemed to have waived

California Civil Code Section 1542 and any other similar statutes, laws, or legal principles of any state as related to the Settlement Agreement, as amended. To the extent this provision is inconsistent with the Settlement Agreement, as amended, the terms of the Settlement Agreement, as amended, shall control.

10. In addition to the releases made by Plaintiff and the Settlement Class Members above, Plaintiff Chris Lashambae, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him, makes the additional following general release of all claims, known or unknown, in exchange and consideration of the Settlement set forth in the Settlement Agreement, as amended. This named Plaintiff agrees to a general release of the Released Parties from all claims, demands, rights, liabilities, grievances, demands for arbitration, and causes of action of every nature and description whatsoever, known or unknown, pending or threatened, asserted or that might have been asserted, whether brought in tort or in contract, whether under state or federal or local law. To the extent this provision is inconsistent with the Settlement Agreement, as amended, the terms of the Settlement Agreement, as amended, shall control.

11. The Class Representative and all Settlement Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Released Claims against any of the Released Parties.

12. The distribution plan as described in the Class Notice to all Settlement Class members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to Settlement Class Members. Any order or proceedings relating to the distribution plan or amendments thereto shall not operate to

terminate or cancel the Settlement Agreement, as amended, or affect the finality of this Final Approval Order.

13. The Court hereby decrees that neither the Settlement Agreement, as amended, nor this Order, nor the fact of the Settlement, is an admission or concession by Capital One or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Capital One or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement, as amended, or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

14. The Court finds that Class Counsel's request for attorneys' fees in the amount of $96,190.00, or 30% of the Settlement Amount, is reasonable. See Wal-Mart Stores, 396 F.3d at 121 ("Courts may award attorneys' fees in common fund cases under either the 'lodestar' method or the 'percentage of the fund' method.") (citation omitted); Fresno Cty. Emps.'s Ret. Ass'n v. Isaacson/Weaver Family Trust, 925 F.3d 63 (2d Cir. 2019) ("A common-fund-percentage fee must still be evaluated for reasonableness but may exceed the lodestar[.]") (citations omitted). Class Counsel's request for attorneys' fees is reasonable and meets the considerations set forth in Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000). Collectively, Class Counsel worked 328.95 hours on this Action, resulting in the lodestar of approximately $213,767.70. Class Counsel expended substantial efforts in obtaining an early settlement of this

9

Action and also invested significant time and effort drafting and amending the Settlement Agreement, drafting motions for approval, attending hearings, effectuating the terms of the Preliminary Approval Order, and managing the administration of the Settlement. This action involved uncertainty as to success because complex factual and legal issues were involved in Plaintiffs' proof of liability and damages. Class Counsel assumed significant risks in representing Plaintiffs on a contingent fee basis. Class Counsel obtained excellent results for the Settlement Class members using their collective experience in class action litigation involving consumer protection law. The public interest is served by protecting consumers from unfair billing practices. Balancing these factors, this Court grants Class Counsel attorneys' fees in the amount of $96,190.00 from the Settlement Fund in accordance with the terms of the Settlement Agreement, as amended.

15. The Court finds that Class Counsel's request for reimbursement of costs in the amount of $1,739.25 is reasonable. See Fed. R. Civ. P. 23(h). Therefore, this Court grants Class Counsel costs in the amount of $1,739.25 from the Settlement Fund in accordance with the terms of the Settlement Agreement, as amended.

16. The Court finds that the request for Service Award of $5,000.00 to the Class Representative is reasonable. Mr. Lashambae expended time and effort in prosecuting this Action, protecting the interests of the Class, and obtained a Settlement that is beneficial to all Settlement Class Members. This Court grants the requested Service Award of $5,000.00 to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement, as amended.

17. Pursuant to Paragraph 80(g) of the Settlement Agreement, as amended, any funds remaining in the Escrow Account after all payments are made to satisfy the Service Award, Fee

and Expense Award, Administration Expenses, and after the distribution of Settlement Shares as described in paragraphs 80(a) through 80(f), shall be distributed through a residual cy pres award. Capital One and Class Counsel recommended, and the Court hereby approves, the Center for Responsible Lending to be the recipient of any residual amount in accordance with the terms of the Settlement Agreement, as amended.

18. The Court hereby retains and reserves jurisdiction over implementation of this Settlement and any distributions from the Settlement Fund and all Parties, for the purpose of enforcing and administering the Settlement.

19. In the event that the "Effective Date," as defined in Paragraph 22 of the Settlement Agreement, as amended, does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, as amended, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Settlement Agreement, as amended.

20. The Court adjudges that the Class Representative and all Settlement Class Members shall be bound by this Final Approval Order.

21. Upon the entry of this Order, the Class Representative and all Settlement Class Members shall be enjoined and barred from asserting any claims against Capital One and the Released Parties arising out of, relating to, or in connection with the Released Claims.

22. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

23. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Clerk of Court is also directed to close this case.

**IT IS SO ORDERED.**

**DATED: October 21, 2020**

*____Vera M. Scanlon____*
VERA M. SCANLON
United States Magistrate Judge